Zimmerman, J.,
 

 dissenting. Section 4, Article XVin of the Constitution of Ohio confers upon municipalities the right to “acquire * * * and operate * * # any public utility the product or service of which is or is to be supplied to the municipality or its inhabitants.”
 

 Section 2, Article XII of the Constitution recites in part that “general laws may be passed to exempt [from taxation] * * *
 
 public
 
 property used exclusively for any
 
 public
 
 purpose * * *.” (Emphasis supplied.)
 

 Pursuant to such express authorization, the General Assembly enacted Section 5351, General Code, declaring,
 
 inter alia,
 
 that
 
 “public
 
 property used for a
 
 public
 
 purpose, shall be exempt from taxation.” (Emphasis supplied.)
 

 The precise question to be resolved is whether property of the transit system of the city of Cleveland is “public property used exclusively for any public purpose.”
 

 There can be no doubt that property of a utility owned and operated by a municipality is public property
 
 (City of Toledo
 
 v.
 
 Jenkins et al., Bd. of Tax Appeals,
 
 143 Ohio St., 141, 151, 54 N. E. [2d], 656, 663) and, under the holdings of this court in the case just cited and in the cases of
 
 State, ex rel.,
 
 v.
 
 City of Toledo,
 
 48 Ohio St., 112, 26 N. E., 1061, 11 L. R. A., 729, and
 
 City of Toledo
 
 v.
 
 Hosler, Treas.,
 
 54 Ohio St., 418, 43 N. E., 583, such transit system, devoted to the transportation of the citizens of Cleveland generally, is used exclusively for a public purpose.
 

 The syllabus in the
 
 Hosler case, supra,
 
 is peculiarly applicable and reads:
 

 “Gas wells, pipe lines, pumping stations and machinery owned by a municipal corporation and used by
 
 *362
 
 it for the conveyance of gas to be consumed by it and by its citizens generally, are used exclusively for a public purpose and are exempt from taxation.”
 

 In 51 American Jurisprudence, 554, Section 563, the following. statement appears:
 

 “While a number of courts have taken the view that public utilities operated by a municipal corporation for compensation * * * are taxable, upon the theory that the implied exemption of publicly owned property extends only to property used for governmental, and not merely for public purposes, the majority rule is that property owned by a municipal corporation is exempt if it is devoted to public purposes, whether these purposes are governmental or primarily for the benefit of its own citizens, and accordingly, that municipally owned power and light plants, as’ waterworks, gasworks, transit systems, and other public utilities distributing commodities and services to the public for compensation, which are for a public, although not for a governmental, use, are included within the meaning of statutes exempting the property of municipal subdivisions.’ ’
 

 We submit that the quoted constitutional and statutory provisions relating to the exemption from taxation of public property publicly used, coupled with the cases cited, place Ohio on the side of the majority rule as outlined in the above excerpt from American Jurisprudence. The term “public purpose” as contained in our constitutional and statutory provisions is not restricted to purely governmental enterprises, but embraces a wider field of public activity, including proprietary undertakings. Where there is
 
 public
 
 ownership and
 
 public
 
 use of a utility, as in this case, the property of such utility is exempt from taxation under our laws.
 

 We cannot subscribe to that part of the majority opinion which says that the language employed in the
 
 *363
 
 Constitution is to be interpreted in tbe light of conditions which obtained at the time of its adoption.' We take the position that the Constitution is a vehicle of life, intended to meet and to be applied to new conditions and circumstances as they may arise and which come fairly within the purview of the language used. 8 Ohio Jurisprudence, 128, Section 26; 11 American Jurisprudence, 660, Section 51.
 

 Without extending this discussion, our opinion is .that the property of the transit system of the city of Cleveland is “public property used exclusively for a public purpose,” within the contemplation and intendment of the laws of Ohio, and that the decision of the Board of Tax Appeals exempting such property from taxation is both reasonable and lawful.
 

 Williams, J., concurs in the foregoing dissenting opinion.